UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TRACY RAYANNA SHEDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-119-CLC-HBG |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the

Federal Rules of Civil Procedure, and the rules of this Court for a report and recommendation

regarding disposition of Plaintiff's First Motion for Attorney's Fees Pursuant to the Equal Access

to Justice Act, 28 U.S.C. § 2142 [Doc. 22], filed on August 23, 2021.  Plaintiff requests that the

Court enter an Order awarding $3,551.96 in attorney's fees, $17.25 in expenses, and $400.00 in

costs for a total award of $3,969.21 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(d)(1).  For the reasons stated more fully below, the Court will **RECOMMEND** that

Plaintiff's Motion [Doc. 22] be **GRANTED**.

## I.    BACKGROUND

On May 20, 2021, the parties filed a Joint Motion to Remand [Doc. 20].  District Judge

Curtis L. Collier subsequently granted the joint motion, reversing the Commissioner's decision

and remanding Plaintiff's case to the Commissioner pursuant to sentence four of U.S.C. § 405(g)

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration
("the SSA") on July 9, 2021.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure,
Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.  *See* 42 U.S.C. § 405(g).

with instructions to assign Plaintiff's case to a different Administrative Law Judge to further evaluate Plaintiff's claims, offer Plaintiff the opportunity for a new hearing, and issue a new decision [Doc. 21].

Plaintiff subsequently filed the instant motion [Doc. 22] on August 23, 2021, as well as an Affidavit of Plaintiff's counsel [Doc. 23], time billing entries [Docs. 23-1]—including attorney [Doc. 23-2] and paralegal time [Doc. 23-3]—itemized expense entries [Doc. 23-4], itemized cost entries [Doc. 23-5], and Plaintiff's affidavit and assignment of EAJA fee [Doc. 23-6]. Plaintiff also filed a Memorandum [Doc. 24] in support of her motion.

The Commissioner filed a response [Doc. 26] on September 9, 2021, stating that he had no opposition to the payment of attorney's fees and expenses in the amount requested. The Commissioner states he does not oppose a total "attorney fee award of **$3,569.21** and specifically, does not oppose payment of said attorney fees to Plaintiff under the [EAJA] . . . in the amounts of **$3,551.96** for **attorney fees**, and **$17.25** in **expenses**." [*Id.*]. The Commissioner makes no reference to Plaintiff's request for $400.00 in costs [*Id.*], and the Court finds the Commissioner's position to be ambiguous as to costs. Therefore, and without further explanation as to the Commissioner's position on Plaintiff's request for costs, the Court finds that, even if the Commissioner was objecting to costs, the issue is undeveloped for judicial review. *See McPherson v. Kelly*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Thus, any objection by the Commissioner as to Plaintiff's request for costs has been waived.

## II.    ANALYSIS

Now before the Court is Plaintiff's request for attorney's fees under the EAJA. Four conditions must be met before fees will be awarded under the EAJA:

> 1.  Plaintiff must be a prevailing party;
>
> 2.  The Commissioner's position must be without substantial justification;
>
> 3.  No special circumstances warranting denial of fees may exist;
>
> 4.  The application for attorney fees must be filed within 30 days of the final judgment in the action.

*See* 28 U.S.C. § 2412(d)(1). The Court will address each consideration in turn.

### A.    Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Therefore, the Court finds the first condition for granting attorney's fees under the EAJA has been met.

### B.    The Commissioner's Position was without Substantial Justification

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). In this case, the Commissioner has stated that he does not oppose Plaintiff's request for attorney's fees under the EAJA [Doc. 26], thereby conceding that the Commissioner's position in this matter was not substantially justified. Therefore, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

### C.    There are No Special Circumstances Affecting an Award of Attorney's Fees

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third

3

condition for granting attorney's fees under the EAJA has been met.

### D. Plaintiff's Request for an Award of Fees is Timely

In support of her motion for attorney's fees, Plaintiff's counsel submitted an affidavit which included an itemized statement detailing the work performed in this case on behalf of Plaintiff—which amounted to 16.9 hours expended by attorneys in this case, and 6.4 hours expended by paralegals [Doc. 23]. The EAJA defines "final judgment" as "a judgment that is final and not appealable." 28 U.S.C. § 2142(d)(2)(G). Plaintiff requested an hourly rate of $191.24 for attorney time in this case, and an hourly rate of $50 for paralegals. [*Id.* at 2]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

### E. The Court Finds that the Fees Requested Are Reasonable

Further, the Commissioner has no opposition to Plaintiff's request for attorney's fees,[2] and the Commissioner has conceded that Plaintiff is entitled to the amount requested. Plaintiff's counsel has submitted an itemized statement detailing the work performed in this case on behalf of Plaintiff which amounted to 16.9 hours expended by attorneys, at an applicable hourly rate of $191.24, and 6.4 hours expended by paralegals, at an hourly rate of $50.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies

---

[2] *See supra* p. 2 (Finding the Commissioner's position on costs to be ambiguous and, in any case, undeveloped for judicial review had he been objecting to costs).

a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984)).

In the present case, to support the request for an increase in the hourly rate, Plaintiff's counsel states that her firm has extensive experience in Social Security law and has based the requested hourly rate on a cost of living increase and prior petitions in this District. The Court uses the cost-of-living formula approved in *Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) to calculate the appropriate hourly rate, and notes that the requested hourly rates appear appropriate. The Court has considered the amount requested, and combined with the Commissioner's response of non-opposition, the Court finds that the fee amount is reasonable.

Additionally, a prevailing party may receive fees for work requiring legal knowledge performed by paralegals. *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 804-05 (N.D. Ohio 2013); *Lay v. Astrue*, No. 10-346-DLB, 2012 WL 5988822, at * 5 (E.D. Ky. Nov. 29, 2012) (paralegal services are tasks which require some legal knowledge but do not necessitate the direct involvement of an attorney and these tasks are compensable under the EAJA). On the other hand, fee requests for tasks that are purely clerical or secretarial in nature are not compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 1 (1989) ("[P]urely clerical or secretarial tasks should not be billed" under fee shifting statutes, "regardless of who performs them."); *Synder v. Comm'r*

5

*of Soc. Sec.*, No. 1:06-cv-2737, 2011 WL 66458, at *2 (N.D. Ohio Jan. 10, 2011) (the EAJA does not include payment of clerical tasks). The Court has reviewed the submitted billing entries [Doc. 23-1] and finds that Plaintiff's counsel has not attempted to include entries that are strictly clerical in nature, but has only submitted hours that require legal knowledge, such as preparing the EAJA fee request. Lastly, the Court has reviewed the submitted ledgers of expenses [Doc. 23-3] and costs [Doc. 23-5] and finds that they are reasonable.

## III.    CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[3] that Plaintiff's First Motion for Attorney Fees Pursuant to 28 U.S.C. § 2412 [Doc. 22] be granted, and a judgment awarding Plaintiff the amount of $3,551.96 in attorney's fees, $24.00 in expenses, and $400.00 in costs—for a total award of $3,969.21—pursuant to the EAJA be entered. However, the Court also notes that in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

the United States.  If Plaintiff owes no debt to the United States, the payment of EAJA fees can be made directly to Plaintiff's counsel per the assignment.

**IT IS SO ORDERED**.

ENTER:

United States Magistrate Judge

7